NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-026-DLB

MELISSA E. ROSE                                                                                    PLAINTIFF

VS:                        **MEMORANDUM OPINION AND ORDER**

CITY OF OLIVE HILL, KENTUCKY, et al.                                              DEFENDANTS

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Melissa E. Rose, an Olive Hill, Kentucky resident, has paid the District Court filing fee and submitted a *pro se* civil rights complaint, purportedly pursuant to 42 U.S.C. § 1983. Defendants have filed a dispositive motion under the Federal Rules of Civil Procedure, seeking dismissal of this action pursuant to Rule 12 or in the alternative, summary judgment in their favor pursuant to Rule 56 (Doc. #11), Plaintiff having submitted her response (Doc. #13) to which Defendants have replied (Doc. #14), the Motion is ripe for review.

**BACKGROUND**

In her complaint, Plaintiff sued eight (8) persons, specifically naming as Defendants the City of Olive Hill, Kentucky; Olive Hill Mayor Danny Sparks and the following Olive Hill Code Enforcement Board officials, in their official and individual capacities: Ray McCoy; Alberta McCoy; Keith Wilburn; Wife [now identified as Marie] Wilburn; Terra Bond; and Code Enforcement Officer Taylor Duncan. Plaintiff has also indicated that she sues John Doe defendants, but she has not identified or served anyone else in the intervening 7-month period since filing the complaint.

Rose claims that "for over eight years," the named Defendants and others unknown to her have violated her rights under the U.S. Constitution by depriving her of her property and incurring costs to her without due process of law, and by discriminating against her based upon her sex and religious beliefs in violation of her equal protection rights. Further, they are alleged to have conspired to violate her rights with "actions so grievous and with deliberate indifference of Plaintiff's Rights" that she has filed this action for damages, charging them with violating criminal statutes,18 U.S.C. §§ 241-42, and with conspiring to violate her rights, brought pursuant to 42 U.S.C. § 1985. Additionally, the Defendants have purportedly violated Kentucky law.

The following is a summary or construction of the factual allegations contained in Rose's complaint, including documents attached to it. Plaintiff alleges that in 2006, she received a notice from Olive Hill's Code Enforcement Officer Taylor Duncan informing her that two properties, a small white house on Lillian Street and her home on Hitchens Avenue, were in violation of a nuisance order of the City's Codes. Rose alleges that she responded to the notice with a letter back to Duncan inquiring as to the violations and what specific remedies he wished her to make, but received no response.

Plaintiff states that she also filed a request for a hearing before the Board of Code Enforcement on August 13, 2006, but she received no hearing date. Attached to her complaint is a form for requesting a hearing before the Board. The form has been completed with the August 13th date; the blank for identifying the person making the request contains "Tonia Sexton / Melissa Rose;" it regards "Citation # 0029, 0030" with a note afterwards, "duplicate citations;" and the request has been signed by Tonia Sexton. Plaintiff identifies Tonia Sexton as her room-mate.

Plaintiff alleges that no notice of a hearing or meeting was forthcoming. However, in

November of 2006, she claims, when she called Short's Hardware about her order for replacement windows for her home, Jim Short told her that her "name had been discussed at a hearing and I was going to be fined for the properties each day they were not repaired." At this point, Rose alleges, she called Board Secretary Alberta McCoy, who told Plaintiff to make the repairs and pay the fine, but she refused to give Rose a hearing date.

On November 5, 2006, Rose purportedly wrote McCoy a letter, repeating what she had said in her telephone call, providing pictures of the repairs being made, and again asking for a hearing. Attached to Plaintiff's complaint is copy of a letter to McCoy. It is undated but it appears to be the November 5 letter, as its contents match the Plaintiff's description of the letter, referring to the earlier phone conversation and the pictures enclosed.

In the letter, Rose has identified Tonia Sexton as "my appointed agent." Plaintiff claims therein that neither she nor Sexton had received notice of a hearing regarding the Hitchens property, a statement consistent with Sexton's affidavit attached to the complaint. The focus of Plaintiff's letter to McCoy and of this lawsuit is summarized in one paragraph, Plaintiff having written in the November 5, 2006, letter, as follows:

> I did receive your action on the matter and am disputing it by this letter. Actions against a person or property without Due Process is a violation of my constitutional rights and I am giving you the opportunity to correct it by setting a time for me to dispute Taylor Duncan's Allegations that Aiken hall and the adjoining building (the garage) is in "such a state of dilapidation that it poses a threat to the public's safety."

Complaint, Attached Exhibit. Some time later, Rose alleges that she received a notice of fines from Olive Hill's attorney, who indicated that if she did not pay the fines, a lien would be filed. Purportedly, Plaintiff again responded with another request for a hearing, but "to this date I have received no notice of lien."

3

Finally, Plaintiff writes, on January 18, 2008, a city police officer named Richmond and Defendant Keith Wilburn appeared at the Lillian Avenue property, where a man named Eldridge and two other people were purportedly cleaning and repairing it for Eldridge's possible rental after previous occupants had left it damaged on January 15, 2008, according to the attached affidavit of Eldridge, the officer and Wilburn announced that the property had been condemned two years earlier and should be left barricaded. The police officer then took the men to "city hall," where the I.D.'s of the men were photocopied and they were released. They were purportedly warned that they would be "in trouble" if they were caught on the property again.

A few weeks later, Plaintiff filed the instant complaint seeking a jury trial, a declaration that her rights have been violated, and damages, including punitive damages.

## DEFENDANTS' MOTION

In their Motion to Dismiss or in the alternative, for Summary Judgment, Defendants submit several grounds for dismissal and attach a number of court opinions in support of their arguments. They urge dismissal of all of the official capacity claims as redundant to place liability on the City, because the Plaintiff has already named the City as a Defendant. The criminal statutes do not serve as a source for a plaintiff to bring a civil action. Defendants Marie Wilburn and Ray McCoy are not alleged to have taken any of the actions complained-of in the complaint, and so Plaintiff has failed to state a claim against them.

Also, Defendants claim that, with one exception, all of Plaintiff's claims are time-barred, as this Court must apply Kentucky's one-year statute of limitations to Plaintiff's cause of action. They point out that Plaintiff mainly complains of actions in 2006, but she did not file suit until February 11, 2008. Further, the sole event mentioned in the statutory period, the rousting of men

from the Lillian Street property on January 18, 2008, does not state a claim of destroying Plaintiff's peaceful enjoyment of her home.

For these reasons, Defendants seek dismissal of all of Plaintiff's claims herein.

## PLAINTIFF'S RESPONSE

Plaintiff addresses the Defendants' arguments *seriatim*, and she, too, attaches copies of opinions and other documents which purportedly support her position.

Rose does not object to the dismissal of Marie Wilburn, but does object to dismissing Ray McCoy, as his name appears as a member of the Code Enforcement Board as of September of 2006, not November of 2006, and he was on other boards "for over 8 years." She also insists that the official capacity claims are properly brought.

As to the discrimination claim, Plaintiff explains that she is "a known trans-gendered person as well as a follower of the Wicca (Paganism) religion. . . . [H]er home is not only her private dwelling, but her sanctuary and the place of worship for not only her but others (Plaintiff operates Aiken Hall Education Academy for Pagans)." Therefore, what the Defendants did was wrong and even if she does not have standing under 18 U.S.C. § 241 or § 242, she can still maintain this action under 28 U.S.C. § 1985(3) and the "Civil Rico Federal Racketeering Act USC 18, 1961-1963, et seq."

As to the statute of limitations issue, Plaintiff responds that the violations of her rights were continuing in nature over an 8-year period; also, the tolling provisions of Kentucky should be applied; she thought that the McCoy's failure to respond to her letter meant that the matter had been "rectified;" the Defendants' failure to give notice of all events led her to believe that the 2006 citations were null and void; and she "did not know of the violation of her due process rights until

action was taken by defendant Wilburn on 1/11/08."[1]

As further evidence that she did not know of the fines or any condemnation earlier, Plaintiff attaches a copy of a property tax bill showing that she fully paid the $73.14 tax on a property assessed at $25,000 on December 13, 2007. Additionally, she contends that the fact that she didn't file suit "until 1/11/08[2] is clear evidence that she wasn't aware of the injury." Rose urges the Court to consider attached case law, provisions of Kentucky law regarding code enforcement boards, and articles on property stating that she is entitled to a hearing before the taking of her property.

Finally, Plaintiff Rose insists that she has stated compensable due process and equal protection claims. She argues that exclusive use of one's property is central to all ownership rights; one property at issue herein is her home and sanctuary; and the other cannot be used for rental because no one is permitted to come upon the land to prepare it. She also contends that Defendants' actions are sufficiently alleged to meet the shocking-the-conscience standard for substantive due process claims.

**REPLY**

In their Reply, Defendants point out that the dismissal of Mrs. Wilburn is not opposed, but they also repeat their argument that Ray McCoy should be dismissed for Plaintiff's failure to make any allegations of actions taken by him. Defendants also distinguish between the issues and law as described by them on the matters of capacity and standing, in comparison to the understandings of the lay person Plaintiff.

With regard to the statute of limitations, these moving Defendants point to the Plaintiff's own

---

[1] Plaintiff earlier referred to the date of the Lillian Street confrontation as January *18*, 2008, as did Eldridge in his affidavit.

[2] The record reflects Plaintiff filed suit on February 11, 2008.

allegations to support their claim that, except for the January of 2008 incident involving Defendant Wilburn's coming to the Lillian Street property, all of the complained-of actions occurred in 2006 and the filing herein in 2008 is time-barred. As to the purported January 2008 event, the Plaintiff's allegations purportedly fall far short of stating a loss-of-peaceful-use-of-property claim.

Additionally, Defendants develop their defense to the conspiracy claim, pointing out that sexual orientation/preference will not support a claim under 42 U.S.C. § 1985; a municipality cannot be held liable under Section 1985; and also, there can be no Section 1985 liability imposed on a city for "intra-corporate conspiracy involving agents or employees of a corporation."

## DISCUSSION

The relevant standards for ruling on dispositive motions such as Defendants' current Motion are well established.

In considering a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b), the Court must take well pled allegations as true and must construe them most favorably toward the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if there is not law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

A different standard exists for Summary Judgment. Entry of summary judgment for a Movant is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Again, the Court must view the facts and all inferences drawn therefrom in the light most favorable to the nonmoving party. *See Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

In response to a Motion for Summary Judgment, however, the nonmoving party must set forth specific facts demonstrating that there is a genuine issue for trial. Rule 56 requires that,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

Accordingly, a Motion for Summary Judgment should be granted only if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

The parties herein agree on one factual issue. Apparently, Mrs. Wilburn was mistakenly named as a Defendant herein. Her dismissal will be **granted** based on her affidavit that she is not and has never been on the Code Enforcement Board and the Plaintiff's statement that she had merely "assumed" that Mrs. Wilburn was on the board and does not now object to her dismissal.

As to the law, Defendants are correct that private parties have no right to file criminal complaints under 18 U.S.C. §§ 241 and 242. *Lewis v. Green*, 629 F. Supp. 546, 554 (D.D.C. 1986); *United States ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975); *Dixon v. Maryland*, 261 F. Supp. 746, 749 (D. Md. 1966); *S. v. D.*, 410 U.S. 614 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) (summary judgment for defendants granted, "It is well established that a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")  Violations of state and federal statutes simply do not provide for private causes of action; authority to initiate criminal complaints rests exclusively with state and federal prosecutors. *Sahagian v. Dickey*, 646 F. Supp. 1502 (W.D. Wis. 1986). Such complaints must be initiated by a United States Attorney or a federal grand jury, *Kennedy v. Anderson*, 373 F. Supp. 1345, 1346 (E.D. Okla. 1974); a federal court has no authority to do so. *Sahagian v. Dickey*, 646 F. Supp. at 1506. Therefore, Plaintiff's claims brought pursuant to 18 U.S.C. §§ 241 and 242 are **dismissed**.

As this Court noted in *Owens v. Southerland*, 2006 WL 625289 (E.D.Ky. 2006) (not reported), "a suit under section 1983 normally should be brought against either or both of two defendants: the local public official in his individual capacity and the local government which employs or is sought to be held responsible for the acts of that local public official." *Id.* at *8

(quoting *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) and *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244-45 (6th Cir.1989)).  As Plaintiff has named the City of Olive Hill in her suit, the claims against the Mayor and Defendant Board members in their **official capacities will be dismissed**.

With regard to the City of Olive Hill, Plaintiff has failed to state a cognizable claim.  For a municipality to be liable under § 1983, the municipality itself, through the execution of its customs or policies, must cause the constitutional violation at issue.  *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978). "[A] municipality cannot be held liable under § 1983 on a respondeat superior theory.... [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* at 691-94.  *See also Canton v. Harris*, 489 U.S. 378, 383-88 (1989); *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir.1989) (quoting *Canton*).  In the case *sub judice*, Rose has not alleged that an Olive Hill custom or policy or inadequate training, attributable to the municipality, caused the actions/injuries purportedly suffered by her.  Therefore, Olive Hill is entitled to dismissal on this basis. *See Owens v. Southerland* 2006 WL 625289 at 3.

Plaintiff's state law claims and civil rights claims pursuant to Sections 1983 and 1985 remain against the following individual Defendants: Mayor Danny Sparks; Ray McCoy; Alberta McCoy; Keith Wilburn; Terra Bond; and Taylor Duncan.  They are alleged to have violated Rose's civil rights going back for 8 years and Plaintiff insists that she should be able to accumulate the incidents over the 8-year period preceding the date of filing the instant complaint, February 11, 2008.

However, statutes of limitations are designed to bar such cumulations and to provide repose at some point. Defendants are correct that Kentucky's statute of limitations for personal injuries governs civil rights claims under 42 U.S.C. § 1983 (*Wilson v. Garcia*, 471 U.S. 261 (1985)) and §

1985 (*Bowden v. City of Franklin*, 13 Fed.Appx. 266, 272 (6th Cir. 2001) (citing *Bedford v. University of Louisville School of Medicine*, 887 F.2d 1086 at *2 (1989) (Table, unpublished)).

Accordingly, because the action herein arose in Kentucky, federal courts sitting in Kentucky "borrow" its statute of limitations for personal injury claims, K.R.S. § 413.140(1), which is one-year. Because Plaintiff's remaining federal claims against all of these Defendants are Section 1983 and 1985 claims, this Court must apply Kentucky's one-year statute of limitations. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (§ 1983 actions in Kentucky are limited by the one-year statute of limitations found in § 413.140(1)(a)).

However, the question of when civil rights claims accrue is one of federal law. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 6th Cir. 1995); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Under federal law, a claim accrues when the plaintiff knows, or has reason to know, of the injury which forms the basis for the action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *Bagley v. C.M.C. Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991); *Sevier*, 742 F.2d at 273 ("A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence").

Accepting Plaintiff's allegations as true, she was first aware that something was occurring when she received a notice from the Board's Code Enforcement officer, Taylor Duncan, in 2006. The next notice she admits that she received was via telephone from the proprietor of the Hardware Store, who told her "about the hearing." Plaintiff then called Board Secretary Alberta McCoy, who confirmed the Board's action and advised Rose to repair things and pay the fine. In response to this, on November 5, 2006, Plaintiff wrote a letter in which she admits, "I did receive your action on the

11

matter . . ." Rose further states that she received a notice of fines due to the city and a warning that liens would be filed upon her non-payment. Again, Plaintiff's only response was to write a letter.

Under the afore-stated federal law and Plaintiff's allegations, therefore, Rose knew or should have known of escalating actions by the Mayor and Code Enforcement Board causing her injury, as early as eight years ago but also as late as November of 2006. Accordingly, her claims accrued and the statute of limitations period commenced, at the latest, in November of 2006. Yet Plaintiff did nothing to rectify the matter herself, much less file suit, for the next 14 months.

It was not until February 11, 2008, that the Plaintiff brought the instant action regarding the actions against her and her property in 2006. Therefore, Kentucky's statute of limitations bars an action for any complained-of conduct which injured Rose prior to February 11, 2007. Only one of Plaintiff's allegations concerns events occurring within the one-year time frame from February 11, 2007 until February 11, 2008, to wit, the incident in January of 2008, when a police officer and Wilburn appeared at the Lillian Street property.

The Court concludes that the application of Kentucky's statute of limitations operates to bar Plaintiff's federal civil rights claims and Kentucky personal injury claims against all of the Defendants, except Wilburn, because Rose did not submit her Complaint within the year that she should have known that her rights were being violated.

Although Rose has responded to this defense by arguing that it "did not occur to Plaintiff that her Due Process Rights had been violated and she had suffered substantial loss until 1/11/08," her earlier exhibits are to the contrary. In her November 5, 2006, letter to Alberta McCoy, Rose complained of the citations and threatened suit, writing that "[a]ctions against a person or property without Due Process is [sic] a violation of my constitutional rights. . . ." Yet Plaintiff's alleged

12

actions with regard to the cited properties in the year between November 5, 2006 and November 5, 2007 were merely writing letters. However, she did not bring suit until February, 2008.

Therefore, the personal injury claims against Mayor Sparks, Ray McCoy, Alberta McCoy, Terra Bond, and Taylor Duncan, were time-barred at the inception of this case and the Court will dismiss the claims against them for lack of subject matter jurisdiction. To the extent it is alleged that these Defendants violated Plaintiff's due process and/or equal protection rights or to the extent that they conspired to do so, a civil action against them is barred by Kentucky's one-year statute of limitations.

Defendant Keith Wilburn remains, with regard to the January 18, 2008 incident. The Plaintiff's sole timely allegation as to him is that he accompanied a non-defendant police officer to the Lillian Road property. Plaintiff does not allege that Defendant Wilburn trespassed or seized the opportunity to take discriminatory actions against her or violated the due process clause on that date. Thus, although events of January 18, 2008, would come within Kentucky's limitations period span, Plaintiff has failed to state a federal claim arising against any named Defendant on that date. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (The pleadings in this case have not set forth the basis of the claim in a manner that gives the defendants proper notice and does not require either the defendants or the court to "conjure up unpled allegations"). Therefore, Wilburn will be dismissed as a Defendant herein for failure to state a claim.

To the extent that Plaintiff alleges violations of Kentucky law, it is true that the trial court has discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as Section 1983 actions. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987). However, since the federal claims against the Defendants should be

dismissed, then the pendent state claims will be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt,*, 24 F.3d 781 (6th Cir. 1994). This is particularly appropriate in this case, as the Kentucky courts may entertain claims about real property lying in Kentucky.

In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1965 (2007) (internal citations omitted). The Court concludes that the Plaintiff's Response to the Defendants' Motion has not satisfied this standard.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Defendants' Motion to Dismiss [Record No. 11] be, and is hereby, **GRANTED**.

(2) This action will be **DISMISSED** and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 27th of August, 2008.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\ProSe\Rose 08-26-DLB MOO dis LK.wpd